1
2
3
4
5
6

The Honorable Robert J. Bryan

7
8
9

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10
11
12
13
14
15

UNITED STATES OF AMERICA,

Plaintiff,

v.

JENNIFER L. KOLAR,

Defendant.

Nos.  CR06-5612RJB
CR07-5220RJB

GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR ORDER
TERMINATING SUPERVISON

16
17
18
19
20

Comes now the United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Andrew C. Friedman, Assistant United States Attorney for said District, and files this Government's Response to Defendant's Motion for Order Terminating Supervision.

21

## I.     BACKGROUND

22
23
24
25

Defendant, Jennifer Kolar, was convicted in these two cases for participating in three crimes committed on behalf of the Earth Liberation Front (ELF) and the Animal Liberation Front (ALF):  (1) an attempted arson of a gun club in Colorado, (2) the arson of a meat-processing plant in Oregon, and, (3) most notably, the 2001 arson of the University of Washington Center for Urban Horticulture.

26
27
28

Kolar and her fellow arsonists committed the last arson because they believed that one of the researchers at the Center for Urban Horticulture, Professor Toby Bradshaw,

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR ORDER TERMINATING
SUPERVISION/KOLAR (Nos. CR06-5612RJB & CR07-5220RJB) - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    was engaged in research involving genetic engineering of poplar trees that threatened the

2    environment.  Kolar and her fellow arsonists were simply wrong -- Professor Bradshaw

3    was not even engaged in genetic engineering.

4    　　　　But Kolar's actions had devastating consequences.  The fire that she and her

5    co-conspirators set totally destroyed the Center for Urban Horticulture, a large university

6    building devoted to botanical research and teaching, causing more than $6,000,000 of

7    damage.  The fire caused even greater non-economic harm to the occupants of the Center

8    for Urban Horticulture.  For example, it forced some occupants, whose research had been

9    interrupted, to change jobs, and others to delay seeking tenure, or to delay graduation.

10   And the fire had significant and long-lasting psychological impacts on some occupants of

11   the building.

12   　　　　Kolar's crimes were not solved until late 2004.  Once confronted by law

13   enforcement, Kolar agreed to cooperate with the Government.  Kolar provided

14   information, and she testified at one of her co-conspirator's trials.  In 2007, based in

15   substantial part upon Kolar's cooperation, Judge Burgess departed downward from the

16   35-year mandatory-minimum sentence that otherwise would have applied, and sentenced

17   Kolar to five years' imprisonment and five years' supervised release.  The judgment in

18   Kolar's cases included the standard condition of supervision that Kolar "not leave the

19   judicial district without the permission of the court or probation officer."  Judgment at 4.

20   　　　　Kolar completed her prison sentence on February 2, 2013.  Since that time, she has

21   served slightly more than half of her five-year term of supervised release.  Kolar now

22   seeks early termination of her supervision.  In addition to noting that she has been fully-

23   compliant with supervision, Kolar focuses on one specific problem resulting from her

24   supervision:  namely, Kolar says that the travel restriction in her judgment prevents her

25   from traveling, or at least impedes her ability to travel, internationally in connection with

26   her job.

27   　　　　The Pretrial Services and Probation Office (the "Probation Office") opposes

28   Kolar's request for early termination.

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR ORDER TERMINATING
SUPERVISION/KOLAR (Nos. CR06-5612RJB & CR07-5220RJB) - 2

## II. ARGUMENT

The United States agrees with the Probation Office that the Court should deny Kolar's request for early termination. 18 U.S.C. § 3583(e)(1) provides that a court may, after considering certain enumerated provisions of 18 U.S.C. § 3583(a),

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). Among the enumerated factors that the district court must consider are the nature and circumstances of the offense and the history and characteristics of the defendant, and the need for the sentence to afford adequate deterrence. *Id.*; 18 U.S.C. § 3553(a)(1), (a)(2).

As the Ninth Circuit has noted

> [s]ection 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. Occasionally, changed circumstances -- for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release -- will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).

*United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir.1997)). Thus, the key determinant of whether a defendant is entitled to early termination generally is whether there are "new or unforeseen circumstances." *Id.* In this case, there are no such circumstances.

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR ORDER TERMINATING
SUPERVISION/KOLAR (Nos. CR06-5612RJB & CR07-5220RJB) - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**A. The Court Can Accommodate Kolar's Need to Travel by Striking the Travel Restriction for Kolar's Judgment.**

The principal reason Kolar advances as a basis to terminate supervision is her need to travel internationally in connection with her job.  Kolar claims that the approval requirement for travel set forth in her judgment is overly burdensome, and that any modified approval requirement (for example, a modification to make it clear that Kolar needs only Probation Office, rather than Court, approval) still would be overly burdensome.

Since receiving Kolar's motion, the Government has consulted with the Probation Office, which believes that the approval requirement no longer is necessary in Kolar's case.  The Government similarly believes that there is no need for Kolar to be subject to any such approval requirement.

As a result, the Court should simply amend Kolar's judgment to remove the first standard condition of supervision (which creates the approval requirement for travel).  Such a modification would moot any claim on Kolar's part that her supervision should be terminated to avoid interference with her need to travel for work.

**B. Kolar has Failed to Demonstrate any Other Changed Circumstance that Would Support Terminating her Supervision**

In addition to her argument based on travel, Kolar appears also to argue that her compliance with supervision, and what clearly is a very successful reentry to society following her imprisonment, warrant early termination of her supervision.  Kolar's argument fails because this does not represent a "new or unforeseen circumstance[]" since the time of Kolar's original sentencing by Judge Burgess.

As Kolar's motion itself makes clear, however, Kolar had already successfully reintegrated herself into society by the time of her 2007 sentencing.  She had ceased affiliation with ELF and ALF.  She had a significant job at a company called Singingfish.  And she had even done the most selfless thing that her current motion, and its accompanying exhibits, cite – namely, support a friend during a several-month coma.

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR ORDER TERMINATING
SUPERVISION/KOLAR (Nos. CR06-5612RJB & CR07-5220RJB) - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Judge Burgess was well aware of all of these things at the time that he sentenced

2   Kolar.  Kolar's resumption of this life following her imprisonment, is commendable, but

3   it is not a changed circumstance.  Judge Burgess would have fully expected Kolar to

4   return to productive employment and membership in society.

5    At the time of Kolar's sentencing, Judge Burgess chose to depart far below

6   Kolar's otherwise-applicable mandatory-minimum and Guidelines sentencing range (and

7   even below the Government's recommendation) based upon Kolar's cooperation and

8   rehabilitation.  Considering those facts, Judge Burgess decided that a sentence of five

9   years' imprisonment, followed by five years' supervision was appropriate.

10    Kolar committed extremely serious crimes, with substantial consequences for

11  numerous innocent victims.  And they were crimes designed to affect and intimidate the

12  public and public policy.  The nature and circumstances of Kolar's crime, and the need

13  for deterrence, obviously remain the same since Kolar's original sentencing.  And,

14  although Kolar continues to do an exemplary job rehabilitating herself, that rehabilitation

15  is simply a continuation of Kolar's conduct prior to her sentencing, not a new or

16  unforeseen circumstance.[1]  As a result, it does not warrant a change from the sentence –

17  and specifically the term of supervision – that Judge Burgess believed was appropriate,

18  and imposed, in this important and highly-public case.

19  //

20  //

21  //

22

23

24  [1]  Kolar also suggests that the fact that she recently made a substantial lump-sum payment towards restitution, and increased the amount of her monthly payments towards restitution, supports termination of supervision.  In fact, the

25  lump-sum payment was made pursuant to an agreement with the Government that allowed Kolar to transfer her interest in her residence, which was subject to a lien based upon her restitution judgment, to Kolar's significant other

26  in order to allow him to refinance the house.  The lump sum represented the value of Kolar's equity in the house and was paid in return for a release of the Government's lien.  The increase in monthly payments was made after the

27  government filed a garnishment action to garnish Kolar's wages, and it was made in return for a release of the garnishment.  Thus, both the lump-sum payment, and the increase in monthly payments, appear to be at least as

28  much the result of situations in which Kolar was responding to Government collection tools, and acting in her own interest, as they do the result of any desire to pay more restitution.

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR ORDER TERMINATING
SUPERVISION/KOLAR (Nos. CR06-5612RJB & CR07-5220RJB) - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III. CONCLUSION

For the foregoing reasons, the Court should order that Kolar's judgment be amended to remove the condition of supervision that Kolar obtain permission before traveling, but should deny Kolar's request for early termination of her supervision.

DATED:  this 27th day of October, 2015.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

s/ *Andrew C. Friedman*
ANDREW C. FRIEDMAN
Assistant United States Attorney

United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington  98101-1271
Telephone:    (206) 553-2277
Fax:             (206) 553-0755
E-mail:        Andrew.Friedman@usdoj.gov

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR ORDER TERMINATING
SUPERVISION/KOLAR (Nos. CR06-5612RJB & CR07-5220RJB) - 6

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).  I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via e-mail and/or telefax.

*s/ Lissette Duran-Leutz*
Lissette Duran-Leutz
Paralegal Specialist
United States Attorney's Office
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone:    (206) 553-7234
Fax:            (206) 553-2502
E-mail:  Lissette.I.Duran-Leutz@usdoj.gov

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR ORDER TERMINATING SUPERVISION/KOLAR (Nos. CR06-5612RJB & CR07-5220RJB) - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970